# GIVENS *v.* WARREN.

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE; DILIGENCE; CONCEAL-
MENT AND ABANDONMENT.

Where the junior party to an interference involving the invention of a
lubricator for elevator guides reduced the invention to practice by
an open and notorious test consisting of its use for two months on
an elevator in a university dormitory building about a year after
the senior party's conception, but two years prior to the latter's
reduction to practice by filing an application, it was *held* that the
senior party was lacking in diligence when the junior party entered
the field, and that the failure of the junior party to file his applica-
tion until about two years after his test did not amount to a con-
cealment or abandonment of the invention. (Following *Mason* v.
*Hepburn*, 13 App. D. C. 86.)

No. 968. Patent Appeals. Submitted May 10, 1915. Decided May 28,
1915.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference proceeding. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from the decision of the Commissioner of
Patents in an interference proceeding awarding priority of in-
vention to appellee, Charles V. Warren, for a lubricator for
elevator guides.

The issue is in six counts, the first and fifth of which suf-
ficiently illustrate the invention. They read as follows:

"1. The combination of an oil can having a nose, a cylinder
adapted to reciprocate within said nose, said cylinder having
an enlarged end, a spiral spring arranged between the end of
the nose and the enlarged end of the cylinder."

"5. In a lubricator for elevator guides, a lubricant cup
adapted to be secured to the elevator, an extensible member se-

cured to the cup and having a wick therein one end of which extends into the cup, and means for causing the other end of the wick to engage the elevator guide rail regardless of the distance between the lubricant cup and the said rail."

*Mr. William F. Hall* and *Mr. James M. Spear* for the appellant.

*Mr. F. L. Emery* and *Mr. Louis A. Jones* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The tribunals of the Patent Office held that appellate, Benjamin W. Givens, conceived the invention in March, 1909, but accorded him his filing date, October 11, 1910, as the date of reduction to practice. Appellee, Warren, was awarded the date of January 10, 1910, for conception, disclosure, and reduction to practice. These findings are amply supported by the evidence.

Warren built and fully tested a lubricator embodying the invention in January, 1910, by using it for two months on an elevator in Fairfax Hall, at Cambridge, Massachusetts, a dormitory for students in connection with Harvard College. This construction and test constituted a complete reduction of the invention to practice. Warren, however, did not file his application until January 4, 1912. In the meantime, on June 27, 1911, a patent was issued to Givens.

The evidence fully supports the finding of the Commissioner that Givens was lacking in diligence when Warren came into the field and reduced the invention to practice, and that Warren's test in January, 1910, was so open and notorious that his failure to file for almost two years thereafter did not amount to concealment or abandonment of the invention within the rule announced in *Mason* v. *Hepburn,* 13 App. D. C. 86.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                    *Affirmed.*